**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jose Rodolfo Montanez Gaytan,<br><br>Petitioner<br>v.<br><br>Todd Blanche, et al,<br><br>Respondents | Case No.: 2:26-cv-02783-JAD-MDC<br><br>**Order Granting Habeas Petition and Directing Respondents to Release Petitioner**<br><br>[ECF No. 11] |

Petitioner Jose Rodolfo Montanez Gaytan is a Mexican citizen who entered the United States on a visitor visa in March 2008 and has spent the last eighteen years living in Las Vegas, attending high school and raising his three children. In July 2026, Immigration and Customs Enforcement (ICE) agents arrested him while he was jailed at the Clark County Detention Center, and he has been detained at the Henderson Detention Center ever since. Montanez Gaytan seeks a writ of habeas corpus, alleging that his arrest was unlawful because his I-200 warrant was not signed by someone with authority to do so, he did not receive an individualized custody determination prior to his detention, and the immigration judge (IJ) abused her discretion when she denied bond in September. Because the government does not dispute Montanez Gaytan's argument that his arrest warrant was invalid, it has tacitly consented to relief on this ground. So I grant the petition and order the respondents to release Montanez Gaytan from custody.

## Discussion

**A. This court has jurisdiction over Montanez Gaytan's claims.**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[1] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[2]

**B. Montanez Gaytan's need to exhaust administrative remedies is excused.**

The government argues that Montanez Gaytan failed to exhaust his administrative remedies.[3] It cites to the Ninth Circuit's opinion in *Leonardo v. Crawford*[4] to contend that a petitioner must appeal a bond determination to the Board of Immigration Appeals (BIA) prior to filing a habeas petition.[5] Montanez Gaytan responds that waiting for the results of an administrative appeal would cause him irreparable harm because he has been detained for more than three months as a result of an invalid warrant.[6]

The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[7] "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of

---

[1] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[2] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[3] ECF No. 11 at 8–9.

[4] *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011).

[5] ECF No. 14 at 2–3.

[6] ECF No. 15 at 16.

[7] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[8]

I find that requiring Montanez Gaytan to exhaust administrative remedies would cause irreparable injury. As discussed *infra*, he put forth undisputed arguments that his I-200 warrant was signed by someone without the proper authority to do so.[9] Detention justified by an invalid warrant is irreparable injury.[10] Under these circumstances, I find it appropriate to excuse the prudential-exhaustion requirement because further irreparable injury would result from Montanez Gaytan's continued detention.

**C. The government does not contest that Montanez Gaytan's warrant was signed by someone who lacked the authority under the applicable INA regulations.**

Montanez Gaytan contends that his arrest warrant was invalid because it was signed by Acting Supervisory Detention and Deportation Officer Cortez.[11] He argues that INA regulations allow an I-200 warrant to be signed only by the immigration officers listed in 8 C.F.R. § 287.5(e)(2), and that this list includes supervisory detention and deportation officers but not those acting in those supervisory roles.[12] He contends that "the regulation does allow for those outside the listed positions to be delegated issuing authority," but for that to happen "there must be an actual delegation of that authority to the individual in accordance with 8 C.F.R. § 2.1 and

---

[8] *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

[9] ECF No. 11 at 9.

[10] *Hernandez*, 872 F.3d at 994–95 ("It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." (cleaned up) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Castillo v. Blanche et al.*, 2026 WL 2071063, at *3 (D. Nev. July 17, 2026).

[11] ECF No. 11 at 9.

[12] *Id.* (citing 8 C.F.R. §§ 236.1(a), 287.5(e)(2)–(3)).

the individual must 'have successfully completed any required immigration law enforcement training.'"[13]

In its response, the government argues that Montanez Gaytan has not exhausted his administrative remedies required to seek habeas relief, the IJ applied the correct legal standard at his custody redetermination hearing, and 8 U.S.C. § 1226(e) places DHS's discretionary judgment on bond determination beyond the court's review, so his petition should be denied.[14] The government does not dispute Montanez Gaytan's assertions or defend ICE's actions because it did not respond to his argument on this issue, tacitly consenting to relief on this ground.[15]

**D. Because Montanez Gaytan's arrest was void *ab initio*, I order his immediate release.**

Courts have "a fair amount of flexibility" in deciding habeas relief.[16] District courts across the country have found that when an ICE arrest was unlawful, the proper remedy is release.[17] Because Montanez Gaytan was arrested under the authority of an invalid warrant according to the INA's regulations, his arrest was unlawful and void *ab initio*. So I find that the appropriate remedy is his immediate release from custody.

---

[13] *Id.* (citing 8 C.F.R. § 287.5(e)(2)(iii)).

[14] ECF No. 12 at 3.

[15] *United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2010) (holding that unraised arguments are waived); *Carlson v. Landon*, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that unopposed habeas allegations "must be taken as true").

[16] *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

[17] See *Diiwaje v. Bondi*, 2026 WL 926753, at *3 (D. Nev. Apr. 6, 2026); *Gumaneh v. Hernandez*, 2026 WL 2624291, at *4 (W.D. Wash. Sept. 4, 2026); *Ger V. v. Mullin*, 2026 WL 1847044, at *2 (D. Minn. June 26, 2026); *De La Rosa Izaguirre v. Blanche*, 2026 WL 2023200, at *11 (E.D.N.Y. July 13, 2026).

## Conclusion

IT IS THEREFORE ORDERED that Jose Montanez Gaytan's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 11] is GRANTED. Petitioner Jose Rodolfo Montanez Gaytan must be released from detention within three days, subject to reasonable conditions of supervision. Imposition of those conditions must not impede Montanez Gaytan's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Montanez Gaytan's release at least 24 hours before the release is set to occur, and

(2) within five days of this order, notice that Montanez Gaytan's release was effectuated.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

**The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 13, 2026